F. R. PRIDHAM v. W. M. WEDDINGTON ET AL.

No. 6089.

1. **Evidence.**—When the issue to be decided involves the question whether a purchase made is voidable by reason of false representations which induced it, the testimony of the purchaser that he would not have purchased if the false representations had not been made is admissible in a suit against him to enforce payment of purchase money.

2. **Practice—Assignments of Error.**—An assignment of error will not be considered which fails to point out specifically the matter constituting the supposed error.

3. **Same.**—An assignment of error which refers to a fact as shown by a bill of exceptions, and which is not sustained on an inspection of the bill, will not be considered on appeal.

4.  **Charge of Court.**—A judgment will not be reversed for a charge which considered alone would be erroneous if on an inspection of the entire charge it appears that the defect was cured.

Appeal from Tarrant.    Tried below before Hon. R. E. Beckham. The opinion states the case.

*Wynne & Carter,* for appellant. — 1.   The court erred in permitting the defendant Weddington to state over the objections of the plaintiff that he would not have purchased the stock had not the representation been made to him, because such statement was a conclusion and permitted the defendant to decide one of the most important issues in the case, that he was controlled and influenced by the representations, which was a matter for the jury.    Rev. Stats., art. 608.

2.   The court erred in permitting the defendant to prove over the objections of the plaintiff as to the owners and holders of stock in the Texas Transportation Company the amount of stock owned in said company by A. F. Higgs, because the same was irrelevant and immaterial.

3.   The court erred in refusing to permit plaintiff to read in evidence the items contained in the memorandum book kept by G. A. Levi, who was secretary of the company, as to the profits and loss of said business, because said entries were the original entries made by said witness Levi and were proper to show that said company was and had been making money on its business after and next before the 25th day of January, 1884.

4.   The court erred in its charge to the jury wherein it instructed the jury in the abstract that if a person with intent to induce another to enter into a contract represents as true that which is untrue, and the person to whom such representations were made rely upon and act upon the faith of the same, such representations would amount to a fraud, and a contract so procured could not be enforced.    Kerr on Fraud and Mis., pp. 73, 74, 82, 83, 86, 87; Payne v. Smith, 20 Ga., 654; Morey v. Porter, 3 Humph.; Farley v. Cogsel, 6 Blatch., 18; Turner v. Navigation Co., 2 Dev., 236.

*Ball & McCart,* for appellees. — 1.   The court did not err in refusing to permit plaintiff to prove the market value of said stock at the time it was sold to Weddington, for such evidence was irrelevant—defendant's action (or rather defense) not being for damages, but in effect to cancel contract of subscription on account of false representations.    Hubbard v. Briggs, 31 N. Y., 581; Clayton v. O'Connor, 35 Ga., 193; Hallam v. Todhunter, 24 Ia., 166; Hiner v. Richter, 51 Ill., 299; Warren v. Cole, 15 Mich., 265; Galveston Hotel Co. v. Bolton, 46 Texas, 633.

2.   Appellant having failed to ask any counter charge or special charge modifying or qualifying the charge complained of, can not be heard to

complain thereof for the first time in this court.   Endick v. Endick, 61 Texas, 559; T. & P. Ry. v. O'Donnell, 58 Texas, 42.

3.   That portion of the charge complained of was merely abstract and preliminary to the main charge on the issues involved, and if there was any error therein was fully remedied in the main charge, and the jury could not possibly have been misled thereby.   T. & P. Ry. v. Wright, 62 Texas, 515; Rosenthal v. Middlebrook, 63 Texas, 337; Norvell v. Oury, 13 Texas, 31; Williams v. Conger, 49 Texas, 582; Wintz v. Morrison, 17 Texas, 372.

ACKER, PRESIDING JUDGE.—Appellant brought this suit as receiver of the Texas Continental Meat Company against appellees on a note executed by them to said company in payment for stock in the company sold to appellee Weddington.

Defendant pleaded failure of consideration, and specially answered that Weddington was induced to buy the stock and execute the note by the false and fraudulent representations of the officers and agents of the said company (setting out the alleged representations).

There was trial by jury, and verdict and judgment for the defendants.

The first assignment of error is:  "The court erred in permitting the defendant Weddington to state over the objections of the plaintiff that he would not have purchased the stock had not the representations been made to him, because such statement was a conclusion and permitted the defendant to decide one of the most important issues in the case."

We do not think the statement a mere conclusion, but rather the terse statement of a fact which was peculiarly within the knowledge of the witness.   What particular influence acts upon the mind of an individual to induce him to perform a particular act is known to him alone until disclosed by his declarations and conduct.   If there has been no such disclosure then not only the best evidence but the only source of information on the subject is the testimony of the party himself.   This testimony, we think, would be none the less admissible if there was also proof of declarations and acts inconsistent with it.   The whole evidence should go to the jury to be considered by them in deciding the issue as any other question of fact.   The assignment is not well taken.

The second, third, fifth, and sixth assignments of error complain of rulings of the court in excluding evidence offered by appellant, but the bills of exception taken to the rulings do not disclose in either instance what the proposed evidence was or what the witness would have stated in answer to the question.   We are, therefore, unable to determine whether the rulings were prejudicial to appellant or not.   He complains of them, and it is his duty to show us the particular in which they are erroneous to his injury.   Beeman v. Jester Bros., 62, Texas, 433; Moss v. Cameron, 66 Texas, 413.

The fourth assignment of error is:

"The court erred in permitting the defendant to prove, over the objections of plaintiff, as to the owners and holders of stock in the Texas Transportation Company the amount of stock owned in said company by A. F. Higgs, as shown by plaintiff's bill of exception No. 8."

It appears from the bill of exception referred to that the witness Levi, in answer to questions by defendants, testified: "I don't know who owned the principal stock of said company. D. M. Higgs was the president and a man named Haslet superintendent. I do not know whether or not Higgs took control of the company. He may have been one of the directors of the company. Under the contract the transportation company transported all the product of the meat company."

This is the only evidence set out in the bill, from which it is clear that the assignment of error is not sustained by the record. It appears that no evidence was given as to who were the owners and holders of stock in the Texas Transportation Company, and it also appears that no evidence was given as to the amount of stock in said company owned by A. F. Higgs.

The seventh assignment of error is:

"The court erred in its charge to the jury wherein it instructed the jury in the abstract that if a person with intent to induce another to enter into a contract represents as true that which is untrue, and the person to whom such representations were made rely upon and act upon the faith of the same, such representations would amount to a fraud, and a contract so procured could not be enforced, without any qualification as to the materiality of such representations or any distinction as to the facts plead and proof offered, and the jury were thereby misled and misdirected, and were permitted to consider all misrepresentations whether material or not, and under such instructions allowed to consider immaterial matter in finding fraud."

The charge complained of is as follows:

"You are further instructed that if a person with intent to induce another to enter into a contract represents as true that which is untrue, and the person to whom such representations are made rely upon the same and act upon the faith of same, such representations would amount to a fraud, and a contract so procured could not be enforced, but mere statements of opinion as to future results though erroneous would not render a contract void."

Immediately following this charge and in the same connection the following charges were given:

"If you believe from the evidence that the agents of the plaintiff for the purpose of inducing the defendant Weddington to execute said note or purchase the stock for which the same was given did represent to said Weddington that the Texas Continental Meat Company was a solvent

company and that its financial affairs were in good condition, and that said Weddington believed said statements, and that relying upon the same was induced to purchase said stock and execute said note, and if you further find that said statements were untrue, you should find for the defendants; or if you find that said Texas Continental Meat Company at the time said note was executed was insolvent, and that its financial condition was known to the agents of the plaintiff selling said stock, and that the said agent with intent to deceive said Weddingtion, and thereby induce him to purchase, did conceal from said Weddington the condition of said company, you should find for defendants.

"Unless you believe from the evidence that said Weddington was induced to purchase said stock by representations of the agents of plaintiff as to the financial condition of said company, and further that such representations so made. were false or that said agents with the intent to deceive said Weddington concealed from him the true financial condition of said company, you should find for the plaintiff."

We think the defect in the first paragraph of the charge against which this assignment is directed was fully cured by the other instructions which we have quoted. By the latter the jury were told what particular representations they must find were made to Weddington, and must find that. these representations were untrue, and that appellee believed them to be true and was induced thereby to enter into the contract, before they could find a verdict in favor of the defendants. The representations which the charge required the jury to find were made were certainly material.

Under the eighth assignment of error it is contended that the verdict of the jury is contrary to the law and the evidence. We think the court correctly gave the law to the jury and the verdict is not against it. We think there was sufficient evidence to support the verdict, and it must stand.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted June 18, 1889.