# YORDI *v.* NOLTE, UNITED STATES MARSHAL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 382.   Submitted October 22, 1909.—Decided December 6, 1909.

In foreign extradition proceedings the complaint is sufficient to authorize the commissioner to act if it so clearly and explicitly states a treaty crime that the accused knows exactly what the charge is; nor need the record and depositions from the demanding country be actually fastened to the complaint.

In this case *held* that depositions in the possession of the officer of the demanding country making the complaint, which showed actual grounds for the prosecution and of which the commissioner had knowledge, from their use in a former proceeding, were admissible on the hearing before the commissioner and were also admissible for the purpose of vesting jurisdiction in him to issue the warrant.

166 Fed. Rep. 921, affirmed.

PABLO YORDI, being detained in custody by the United States marshal of the Western District of Texas, obtained from the District Court for that district a writ of *habeas corpus* to secure his release. He was charged in the republic of Mexico with the crime of "fraud and forgery of documents," and a warrant for his arrest was duly issued by the criminal judge of the city of Guadalajara. He avoided arrest in Mexico and fled to El Paso, Texas, where he was detained in prison, under an order of the United States commissioner, awaiting the issue by the proper authorities of an order for his extradition.

At the hearing on the *habeas corpus* it was stipulated that the crimes in the complaint made before the United States commissioner were extraditable offenses under the existing treaty between the United States and Mexico; that at the time of the hearing before the commissioner the complaint in the case made by A. V. Lomeli, consul of Mexico, was solely upon information and belief; that he had no actual or personal knowledge of the commission of any offense, but at the time of making the complaint the said Mexican consul had before him the record and depositions of the witnesses of the republic of Mexico in the proceedings before the criminal judge of Guadalajara.

There were three complaints made against Yordi. The first, made by the assistant United States attorney, was dismissed. The second and third were made by the Mexican consul.

Upon the hearing under the first complaint the record and evidence contained in the proceedings in Mexico were introduced in evidence before the commissioner, as they were also on the hearing on the second complaint. The commissioner found that there was probable cause to believe Yordi guilty of the offense of uttering a forged instrument in the State of Jalisco, United States of Mexico, on or about the twenty-sixth day of May, 1908, and that there was also probable cause to believe Yordi had committed the offense

of obtaining money by means of false device in the Mexican state mentioned. The commissioner therefore ordered Yordi to be held for extradition to the republic of Mexico on the charges alleged in the third and fourth counts of the complaint, and that he be committed to the county jail of El Paso County, Texas, to await the action of the proper authorities in the city of Washington, upon demand for his extradition to the republic of Mexico.

The case was heard before Maxey, District Judge, who discharged the writ of *habeas corpus*, and required the marshal to hold the petitioner in custody until a warrant of extradition was duly issued. From this final order this appeal was taken. Judge Maxey's opinion is reported in 166 Fed. Rep. 921, *Ex parte Yordi.*

Mr. *Waters Davis* for appellant.

Mr. *Assistant Attorney-General Russell* for appellee.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

The contention of appellant's counsel is that, although the Mexican consul had possession of the record from Mexico and the depositions of the witnesses therein contained, which embodied the proceedings had before the judge at Guadalajara, Mexico, including the testimony of witnesses, which appeared to the judge amply sufficient to justify an order for the apprehension of the accused, nevertheless there was still necessary, in order for the commissioner to take jurisdiction to hear the application that either the record from Mexico should be attached to the complaint or that the complaint should disclose upon its face the sources of the consul's information. This record from Mexico was not only before the Mexican consul when he made the complaint against Yordi, now under consideration, but the commissioner was

thoroughly familiar with it, as it had been introduced in evidence before him upon the hearing of the first complaint.

Judge Maxey was of opinion that as depositions from a foreign country were admissible in evidence upon the hearing before the commissioner, they were also to be admitted for the purpose of vesting jurisdiction in the commissioner to issue the warrant, and as in this case the depositions were in themselves sufficient to satisfy the commissioner that the prosecution against the accused was based upon real grounds and not upon mere suspicion of guilt, it was not indispensable to the jurisdiction of the commissioner that the record and depositions from Mexico should be actually fastened to the complaint when they were in the custody and keeping of the consul, and the commissioner was already in possession of the information which they contained. We concur in these views.

The general doctrine in respect of extradition complaints is well stated by Judge Coxe in *Ex parte Sternaman,* 77 Fed. Rep. 595, 597, as follows:

"The complaint should set forth clearly and briefly the offense charged. It need not be drawn with the formal precision of an indictment. If it be sufficiently explicit to inform the accused person of the precise nature of the charge against him it is sufficient. The extreme technicality with which these proceedings were formerly conducted has given place to a more liberal practice, the object being to reach a correct decision upon the main question—is there reasonable cause to believe that a crime has been committed? The complaint may, in some instances, be upon information and belief. The exigencies may be such that the criminal may escape punishment unless he is promptly apprehended by the representatives of the country whose law he has violated. From the very nature of the case it may often happen that such representative can have no personal knowledge of the crime. If the offense be one of the treaty crimes, and if it be stated clearly and explicitly so that the accused knows

exactly what the charge is, the complaint is sufficient to authorize the commissioner to act. The foregoing propositions are, it is thought, sustained by the following authorities: *In re Farez,* 7 Blatchf. 345, Fed. Cas. No. 4,645; *In re Roth,* 15 Fed. Rep. 506; *In re Henrich,* 5 Blatchf. 414, Fed. Cas. No. 6,369; *Ex parte Van Hoven,* 4 Dill. 415, Fed. Cas. No. 16,859; *In re Breen,* 73 Fed. Rep. 458; *Ex parte Lane,* 6 Fed. Rep. 34; *In re Herres,* 33 Fed. Rep. 165; *Castro* v. *De Uriarte,* 16 Fed. Rep. 93; *In re Macdonnell,* 11 Blatchf. 79, Fed. Cas. No. 8,771."

It was argued that this court had held otherwise, particularly in *Rice* v. *Ames,* 180 U. S. 371, where Mr. Justice Brown, delivering the opinion, declared that several counts of the complaint were obviously insufficient, "since the charges were made solely upon information and belief, and no attempt was made even to set forth the sources of information, or the grounds of affiant's belief." But Mr. Justice Brown further said (p. 375).

"We do not wish, however, to be understood as holding that, in extradition proceedings, the complaint must be sworn to by persons having actual knowledge of the offense charged. This would defeat the whole object of the treaty, as we are bound to assume that no foreign government possesses greater power than our own to order its citizens to go to another country to institute legal proceedings. This is obviously impossible. The ordinary course is to send an officer or agent of the Government for that purpose, and Rev. Stat., § 5271 makes special provisions 'that in every case of complaint and of a hearing upon the return of the warrant of arrest, any depositions, warrants, or other papers offered in evidence, shall be admitted and received for the purpose of such hearing if they shall be properly and legally authenticated so as to entitle them to be received as evidence of the criminality of the person so apprehended, by the tribunals of the foreign country from which the accused party shall have escaped, and copies of any such depositions,

warrants or other papers, shall, if authenticated according to the law of such foreign country, be in like manner received as evidence,' of which authentication the certificate of the diplomatic or consular officer of the United States shall be sufficient. This obviates the necessity which might otherwise exist of confronting the accused with the witnesses against him. Now, it would obviously be inconsistent to hold that depositions, which are admissible upon the hearing, should not also be admitted for the purpose of vesting jurisdiction in the commissioner to issue the warrant. Indeed, the words of the statute, 'in every case of *complaint*,' seem to contemplate this very use of them. If the officer of the foreign government has no personal knowledge of the facts, he may with entire propriety make the complaint upon information and belief, stating the sources of his information and the grounds of his belief, and annexing to the complaint a properly certified copy of any indictment or equivalent proceeding, which may have been found in the foreign country, or a copy of the depositions of witnesses having actual knowledge of the facts, taken under the treaty and act of Congress. This will afford ample authority to the commissioner for issuing the warrant."

The same learned judge said in *Grin* v. *Shine*, 187 U. S. 181, 193:

"All that is required by § 5270 is that a complaint shall be made under oath. It may be made by any person acting under the authority of the foreign government having knowledge of the facts, or in the absence of such person, by the official representative of a foreign government based upon depositions in his possession."

We think the evidence produced at the hearing justified the detention of the accused and corrected any irregularity in the complaint. As this court said in *Nashimura Ekiu* v. *United States*, 142 U. S. 651, 662:

"A writ of *habeas corpus* is not like an action to recover damages for an unlawful arrest or commitment, but its ob-

ject is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the Government is shown, he is not to be discharged for defects in the original arrest or commitment. *Ex parte Bollman & Swartwout*, 4 Cranch, 75, 114, 125; *Coleman* v. *Tennessee*, 97 U. S. 509, 519; *United States* v. *McBratney*, 104 U. S. 621, 624; *Kelly* v. *Thomas*, 15 Gray, 192; *The King* v. *Marks*, 3 East, 157; *Shuttleworth's Case*, 9 Q. B. 651."

The District Judge was right, and his final order discharging the writ of *habeas corpus* is

*Affirmed.*