## BERNSTEIN v. GROSS, Marshal. *
### No. 6487.

Circuit Court of Appeals, Fifth Circuit.
April 18, 1932.

W. L. Scott, David Greines, and William R. Watkins, all of Fort Worth, Tex., for appellant.

Stanley Boykin and Arthur A. Diehl, both of Fort Worth, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Samuel H. Bernstein was arrested and committed for extradition to the Dominion of Canada before the district judge. On habeas corpus the judge sustained the lawfulness of the commitment and Bernstein appeals. Habeas corpus reaches only the questions whether there was jurisdiction in the committing magistrate, whether the offense charged is within the treaty, and whether there was any evidence affording reasonable ground to believe the accused guilty. Jurisdiction exists under 18 USCA § 651, and the treaties with Great Britain on the subject of extradition (8 Stat. 572; 26 Stat. 1508). The offense charged, as set forth in the proceeding, is that Bernstein on the 23d day of February, 1931, in the city of St. Catharines in the Province of Ontario "did unlawfully obtain from one James R. Carter the sum of $3750.00 by falsely representing to the said James R. Carter with intent to defraud him that one Ed W. Bateman had a four thousand acre drilling block in Rusk County, Texas, and had sent Bernstein to Carter to allow Carter to buy an interest in the block, when as a fact Ed W. Bateman had not sent Bernstein to Carter and was not interested in that or any other drilling block in Rusk County at that time."

According both to the general principles of extradition and to the provisions of the treaties with Great Britain the act done must be a crime under the laws of Canada and those of the state where the accused is found, Wright v. Henkel, 190 U. S. 40, 23 S. Ct. 781, 47 L. Ed. 948; but there need not be a correspondence in name or in all details of definition, Collins v. Loisel, 259 U. S. 309, 42 S. Ct. 469, 66 L. Ed. 956. The Canadian Criminal Code, § 405, makes punishable one who "with intent to defraud by any false pretense either directly or through the medium of any contract obtained by such false pretense obtains anything capable of being stolen, or procures anything capable of being stolen to be delivered to any other person than himself." Texas Penal Code, art. 1545, defines "swindling" as "the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same." The statutes are in substance alike, and the thing Bernstein is charged with doing would offend against either. His offense, therefore, is extraditable. We are not here concerned with refinements of pleading in either jurisdiction, such as the necessity of more minutely describing the money obtained or alleging its value. Extradition will not be refused for such defects. Fernandez v. Phillips, 268 U. S. 311, 45 S. Ct. 541, 69 L. Ed. 970.

The evidence on the hearing supported the charge. Carter testified that in the latter part of 1930 he had purchased from Bateman an interest in a drilling pool, and within a few months had multiplied his investment eightfold. In February following, Bernstein sought him out at St. Catharines and told him that Bateman had assembled four thousand acres of drilling property in Rusk county, Tex., to cost $50,000; had divided it into twenty units of $2,500 each, and was himself taking seven; that Bernstein was taking two, Bateman's geologist three, and Bateman had sent Bernstein to Carter to offer him some interest; that Bateman was tired or had nervous prostration and simply had to go away for a rest, and had turned this deal over to a man named Regan to handle. Carter agreed to invest $3,750, and was making the check payable to Bateman when Bernstein repeated that Bateman was away, and two checks were then made for $500 and $3,250, payable to Bernstein. One of them Bernstein at once cashed, saying he was going to wire it in as a cash payment, and the other was collected through the banks. Carter got nothing of value. He testified he relied entirely on Bernstein being the representative of Bateman, had confidence in Bateman, and if he had known Bateman was not in the transaction would not have invested. Bateman testified that Bernstein had not been employed by or connected with him since December, 1930; that he had not sent Bernstein to Carter; had no connection at all with any oil or gas leases or ownerships for exploitation or sale in 1931. Carter's testimony that he relied on Bateman's represented connection with the business, and would not otherwise have parted with his money, is admissible evidence of a fact best known to himself. 27 C. J. 58; Pridham v. Weddington, 74 Tex. 354, 12 S. W. 49.

It is not unlikely that Carter had confidence in Bateman and Bateman's judgment in such matters, and would not otherwise have put his money into a deal about whose merits he knew nothing. Bernstein's statement that Bateman was taking a rest did not mean that the project did not represent Bateman's judgment, nor contradict the assurance that Bateman had seven shares and had recommended the investment by sending Bernstein to Carter. Some of the circumstances and expressions in the correspondence in the light of contentions made in defense may on a trial lead to the conclusion that Carter did not rely on Bateman's connection with the matter and was not deceived in that or any other regard; but we think the evidence sufficient to hold the accused to trial. Collins v. Loisel; Fernandez v. Phillips, supra.

Judgment affirmed.