**In the Matter of the Extradition of Abe WISE.**

Cr. No. 17445.

United States District Court
S. D. Texas,
Laredo Division.

Oct. 31, 1957.

Malcolm R. Wilkey, U. S. Atty., Newton B. Schwartz, Thomas E. Stinson, Asst. U. S. Attys., Houston, Tex., for Republic of Mexico.

Hall & Hall, Laredo, Tex., for defendant, Abe Wise.

ALLRED, District Judge.

The United States Attorney, for and in behalf of the government of Mexico, filed complaint for extradition against Abe Wise, a resident of this district and division, stating that he is informed, through diplomatic channels, that Wise is duly and legally charged with having committed the *crime of fraud* [1] within the state of Michoacan, Republic of Mexico; that Wise fled Mexico and is to be found in this district; that the said *crime of fraud* which Wise is charged to have committed in Mexico is among the offenses enumerated in the treaty between the two countries proclaimed April 24, 1899 (31 Stat. 1818); that the said *crime of fraud* is more particularly referred to in Article 2, subd. 19, of the said Treaty, reading as follows:

"Obtaining by threats of injury, or by false devices, money, valuables or other personal property, and the purchase of the same with the knowledge that they have been so obtained, when such crimes or offenses are punishable by imprisonment or other corporal punishment by the laws of both countries."

The complaint further alleges that through diplomatic channels the United States Attorney is informed and believes that requisition for the fugitive Wise had been made under the Treaty provisions by the government of Mexico,

[1]. Emphasis mine throughout this memorandum unless otherwise indicated.

through its Ambassador, accompanied with the formal papers upon which the demand for extradition is found. A copy of these formal documents, properly attested, accompanies the complaint.

The United States Attorney prays for issuance of a warrant for arrest as authorized under Section 3184, Title 18 U.S.C.A., in order that Wise may be brought before a magistrate or judicial officer "to the end that *evidence of criminality may be heard,* and, *if on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of said Treaty,* said magistrate or judicial officer shall certify same to the Secretary of State * * * in order that warrant may issue * * * for the surrender of the said Abe Wise according to the stipulations of the said Treaty * * *".

Before a warrant issued Wise made an appearance before the court and moved to dismiss the complaint because it is insufficient to put Wise on notice as to what he is charged with in Mexico, or to show the commission of an extraditable crime under the Treaty. Defendant further says even if the complaint were sufficient, the evidence appearing in the exhibits and documents verified by the Mexican government, shows that the offense with which he is charged is not one for which extradition is authorized under the Treaty. Both of these contentions must be sustained.

The Treaty of 1899 authorizes extradition for some twenty offenses.[2] By a supplemental Convention, proclaimed April 3, 1903, provision was made for extradition for the additional crime of bribery; and, by another Convention, proclaimed July 1, 1926, provision was made for extradition for narcotic offenses, crimes relating to the manufacture of, or traffic in, substances injurious to health. Smuggling also was added.

Both parties here agree that the only provision of the Treaty that could possibly be applicable to the alleged offense committed by Wise is subd. 19, of Article II, quoted above,—obtaining *money, valuables* or *other personal property,* by threats of injury or by *false devices;* or the purchase of same, with knowledge that they had been so obtained. Significantly the offenses made extraditable by subd. 19 are the only ones with the proviso that they must be punishable by imprisonment by the laws of *both* countries.

Under Section 3184 of Title 18, a judge or commissioner may issue a warrant for Wise's arrest if (1) there is a treaty or convention for extradition and (2) a complaint is made under oath charging him with having committed in Mexico *any of the crimes provided for by such Treaty or Convention.* Here there is a treaty and supplemental treaties or conventions, in which twenty-six extraditable offenses are listed as set out above.

I find no crime denominated as *fraud* listed in the Treaty or Supplemental Conventions. That term seems to have crept into the complaint by reason of the use of the term in some of the documents and records of the Mexican Government accompanying the complaint. The offense sought to be charged here, and which the complaint *should* charge, if

2.  (1) Murder; (2) Rape; (3) Bigamy; (4) Arson; (5) Crimes committed at sea; (6) Burglary in the night time; (7) Breaking into public offices, etc., with intent to commit theft; (8) Robbery; (9) Forgery or the utterance of forged papers; (10) Forgery or falsification of official acts of the government; (11) The fabrication of counterfeit money; (12) The introduction of instruments for the fabrication of counterfeit money; (13) Embezzlement of public funds; (14) Embezzlement of bank deposits; (15) Embezzlement of private property or money; (16) Kidnapping; (17) Mayhem; (18) Malicious and unlawful destruction, or attempted destruction, of railway trains and other means of public conveyance; (19) Obtaining of money, valuables or other personal property by threats or false devices; (20) Larceny; (21) Attempts to commit any of the foregoing crimes when such attempt is punishable as a felony by the laws of both countries.

extradition is to be had, is that of *obtaining money, valuables or other personal property by false devices*. Mexico seems to have such a law, and Texas has such a law—swindling,[3] punishable by imprisonment as for theft.[4] But the *complaint* does not charge Wise with obtaining *money, valuables or other personal property* by false devices; it charges commission "of the *crime of fraud* more particularly referred to in Section [subd.] 19 of the Treaty." But it does not charge *what* Wise obtained—whether money, or *what* valuable or *what* personal property!

■ Despite intimations to the contrary in some of the cases, a complaint seeking the issuance of a warrant for extradition to a foreign country must allege facts sufficient to apprise the defendant of the nature of the charge against him and to show that an extraditable offense has been committed. While it is not necessary to charge the offense with the particularity of an indictment, it should be sufficiently explicit to inform the accused of the nature of the charge. This principle is best set out in Ex Parte Sternaman, D.C., 77 F. 595, quoted with approval in Yordi v. Nolte, 215 U.S. 227, 230, 30 S.Ct. 90, 54 L.Ed. 170. It is implicit in all of the cases announcing the rule that the complaint need not meet the requirements of an indictment.[5]

The Government relies upon Fernandez v. Phillips, 268 U.S. 311, 313, quoting from page 312–13, 45 S.Ct. 541, 542, 69 L.Ed. 970 as follows:

"It is objected in the first place that the complaint and warrant are defective. The complaint was filed by an Assistant District Attorney of the United States for the District of New Hampshire. It alleged that the complainant was informed 'through diplomatic channel' that the appellant was duly and legally charged by the United States of Mexico with the crime, and on behalf of that government prayed the arrest. Of course whatever form of words was used, the complaint necessarily was upon information, but as appeared at the hearing it was filed by order of the Attorney General, upon request of the Secretary of State, enclosing a request for the extradition from the Mexican Government and a copy of proceedings in a Mexican Court finding that the crime was duly proved against the appellant and ordering his arrest, many pages of evidence being appended. *This was enough*. Yordi v. Nolte, 215 U.S. 227, 231, 232, 30 S. Ct. 90, 54 L.Ed. 170; Rice v. Ames, 180 U.S. 371, 375, 376, 21 S.Ct. 406, 45 L.Ed. 577; Glucksman v. Henkel, 221 U.S. 508, 514, 31 S.Ct. 704, 55 L.Ed. 830." [6]

---

3. Art. 1545, Vernon's Ann.Texas Penal Code.

4. Art. 1550, Vernon's Ann.Texas Penal Code.

5. Cf. Grin v. Shine, 187 U.S. 181, 23 S. Ct. 98, 47 L.Ed. 130; Bernstein v. Gross, 5 Cir., 58 F.2d 154; Hatfield v. Guay, 1 Cir., 87 F.2d 358.

6. In Yordi v. Nolte, supra, there was a written agreement *that the complaints charged extraditable offenses*—the sole question being, as to whether the Mexican Consul's complaint could be based upon information. In the trial court's opinion, however, Ex parte Yordi, D.C., 166 F. 921, a copy of one of the counts in the complaint is set out. It contains detailed allegations showing more than general charges of stealing, breaking, entry and larceny. The Supreme Court held (1) that the complaint is sufficient if it so clearly and explicitly states a treaty crime that the accused knows exactly what the charge is; (2) that extreme technical rules do not apply, the main question being is there reasonable ground to believe that a crime has been committed; and (3) that the complaint may be upon information where supported by depositions.

In Rice v. Ames, supra, the principal question was whether or not complaint could be upon information and belief; the court upheld three counts in the complaint charging the defendants: (1) with stealing a horse, cart and harness;

But immediately after the foregoing is the following:

"The crime charged is embezzlement or peculation of the public funds between May, 1922, and February 1, 1923, while a public officer of the United States of Mexico, to wit, the Cashier of the Department of Special Taxes. The crime is within the treaty and sufficiently alleged. The warrant is said to be bad because it names Mariano Viamonte and not Mariano Viamonte Fernandez, the appellant. He is named both ways in the proceedings and is identified by testimony. There is nothing in this objection, if a warrant is required."

These fact allegations are far more than is charged in the complaint here. Had the complainant there simply charged that Fernandez had committed the crime of embezzlement in Mexico "as more particularly defined in the treaty," I have no doubt the court would have held it insufficient to confer jurisdiction, even though Fernandez v. Phillips, like most of the cases dealing with extradition, was a habeas corpus proceeding where the only inquiry is "whether the magistrate has jurisdiction, *whether the offense charged is within the treaty* and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." [7]

The complaint filed by the United States Attorney, therefore is insufficient since it does not charge an offense covered by the treaty; and does not sufficiently apprise the defendant as to what the charge is.

The court has written at length upon the question for future guidance in this district. Recognizing, however, the possibility of error and that, in any event, a new complaint might be filed, the second proposition advanced by Wise will be discussed. This is appropriate also because of the contention of counsel for the government that any imperfections in the complaint are taken care of by the exhibits attached thereto, consisting of the records of the Mexican government as to the charges, affidavits, etc., from the District Court in Michoacan.

An examination of these exhibits discloses they do not by any stretch of the imagination charge Wise with *obtaining money, valuables or other personal property* by threats of injury or by false devices, the offense for which extradition is authorized by subd. 19 of Article II of the treaty. On the contrary, taking as admitted all of the fact allegations and conclusions set out in the Mexican proceedings, the record shows that Wise committed, and is charged with committing, in Mexico, the crime of "drawing a check without funds," *in settlement of a profit sharing contract between himself and an association of collective farmers.*

*This is an offense for which the treaty does not authorize extradition.* While the laws of Mexico, and now the laws of Texas,[8] provide punishment for the giving of a hot check, in the amount in-

(2) with breaking into and entering a private bank in the town of Aurora, Ontario, Canada; and (3) with breaking into a shop on Queens Street in the City of Toronto, Ontario, Canada.

In Glucksman v. Henkel, supra, the complaint three times charged the forgery of the signature of one Tugendriach to bills of exchange for 100 rubles and following each charged the fraudulent utterance of bills for the same sum to named merchants and obtaining goods from them of that value.

In Collins v. Loisel, 259 U.S. 309, 312, 42 S.Ct. 469, 470, 66 L.Ed. 956, also cited by the court in Fernandez v. Phillips, supra, the complaint of the British Consul General recited that Collins stood charged in India with having feloniously obtained a pearl button by false pretenses and a certificate of the Secretary of the Government of India described the offence as "the crime of obtaining valuable property by false pretenses."

7. Fernandez v. Phillips, 268 U.S. at page 312, 45 S.Ct. at page 542; Bernstein v. Gross, footnote 5, supra.

8. Art. 567b, Vernon's Ann.Texas Penal Code.

volved here,[9] with intent to defraud, even in payment of a preexisting debt, that crime is not a *treaty offense*. It is *not* charged that Wise obtained *money, valuables,* or *other personal property* by the false device of giving a hot check. It *is* charged that he made a *settlement of matters with the association* by giving the worthless check.

Beginning on page one of the translation of Mexican proceedings, with a request by the "Citizen Federal Public Attorney" that the District Court issue a warrant of arrest against Wise "presumptively responsible of the crime described by article 193 of the General Laws of Credit Documents and Transactions" of Mexico, and through the voluminous record of affidavits, official investigations and conclusions, there are repeated assertions such as (1) that the check was given "by reason of the *settlement relative to a profit sharing association contract* * * *" which check "was returned by the drawee Bank because the drawer had not the necessary funds for honoring it * * *"; (2) that Wise "pretended to pay * * * for the *concept of preparatory work in the lands* owned by said Sociedad, and *as an indemnity for the profits the same Sociedad failed to obtain as a consequence of the lack of compliance to the agreement for the agricultural exploitation already mentioned;*" (3) "From the evidence contained in the previous investigation * * * it can be deducted the probable responsibility of the accused man Abe Wise in the commission of the crime described by article 193 of the General Law of Credit Documents and Transactions since, from the said elements it may be ascertained" that Wise drew the check in question, which was not paid, because "the drawer could not dispose of sufficient funds * * * Since that fact is liable to corporal punishment, as provided by article 193 * * * which stipulates that the penalties of *fraud* are to be applied * * *"; (4) "In view of the foregoing, Mr. Abe Wise has

committed, in damage of my principal,[10] *the crime of fraud,* described in, and punished by, article 386 paragraph IV of the Federal Criminal Code and this crime bears also relation to article 193 * * * inasmuch as he obtained a *profit* by signing said document, *because through it he effected payment of obligations* owed to * * *" the association "and these ones, on their part, indebted towards the Bank for the reason of being financed by said Institution, asked the accused man to extend the check * * * directly to the order * * * of the Bank * * * (which) * * * *suffered a damage* * * *".

Many other statements similar to the foregoing are repeated in the record. On page 44, of the translation, is a certificate by Roberto Reyes Quiroz, Secretary "B" of the District Court for the State of Michoacan, Mexico, certifying:

"That the General Law of Credit Documents and Transactions, in its article 193, specifies: 'Article 193.— The drawer of a check presented in time and not paid for a cause imputable to said drawer, shall compensate the holder for all damages sustained by him therefrom. In no case such indemnity shall be less than twenty per cent of the check's amount. The drawer shall suffer also the penalty of *fraud* should the check be returned for not having the drawer sufficient funds at the time of extending the check, or for having disposed of the funds on the account before the time of presentation has elapsed, or for not having authority to draw checks against the drawee.'—On its part, article 386 of the Federal Criminal Code, which defines and punishes the *crime of fraud,* is worded as follows: 'The crime of fraud is perpetrated by an individual who, deceiving someone or availing himself of the error in which the latter is, would *acquire unlawfully some thing* or *obtain an undue profit. * * *'"

---

9. $23,241.38.

10. Banco Nacional de Credito Ejidal, S.A. de C.V., hereafter called "Banco."

All the foregoing is conclusive that: (1) the crime with which Wise is charged is not within the treaty; and (2) there is no evidence warranting the finding that there is reasonable ground to believe Wise is guilty of an extraditable offense.

■ While evidence to establish reasonable ground is not necessarily evidence competent to convict,[11] this court is charged, in a hearing under section 3184 of Title 18, with finding evidence sufficient to sustain the charge before certifying same to the Secretary of State. As stated in Fernandez v. Phillips, supra, even on habeas corpus the inquiry is, "by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."

■ Here the court is not presuming to pass on matters that should be reserved to the Mexican courts but simply holding that the evidence presented in support of the complaint affirmatively shows that the crime with which Wise stands charged in Mexico does not come under the treaty. Therefore it is not extraditable. The court refuses (1) to issue a warrant under Section 3184, of Title 18; and alternatively, (2) holds that the offense charged is not within the treaty; and (3) the evidence is insufficient to constitute probable cause or reasonable ground to believe that Wise is guilty.

The court has written at length on these questions because of its importance in the increasing business relations between the Republic of Mexico and the United States. There has been a tremendous increase in imports of vegetables, cantaloupes, etc., from Mexico in recent years. From civil actions filed in this court, some still pending, the court takes judicial notice, not only of the purchase and growing importations of these commodities, but that Wise and other American citizens have gone into Mexico, leased lands and farmed them so as to ship the vegetables, cantaloupes, etc., to this country. Such business transactions may continue to produce situations like the present one. If Wise had obtained vegetables or cantaloupes by the false device of a worthless check, the offense would be extraditable; but "settlement" of a debt or controversy by worthless check does not come within the treaty. It is best that these distinctions should be pointed out in order that both Governments may add the offense to the treaty, if they so desire, as they have found need to supplement it in the past.

The Clerk will notify counsel of the entry of this memorandum. Counsel for Wise may submit an order accordingly.

11. Fernandez v. Phillips, supra; Bingham v. Bradley, 241 U.S. 511, 36 S.Ct. 634, 60 L.Ed. 1136; Collins v. Loisel, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956.