## Case No. 16,685.

### UNITED STATES v. WHITE.

[2 Wash. C. C. 29.] 1

Circuit Court, D. Pennsylvania. April Term, 1807.

CRIMINAL LAW — EXAMINATION OF WITNESSES — POWERS OF JUDGE—GRAND JURY WITNESSES.

1. In the incipient stage of a prosecution, the judge may examine witnesses for the defendant, who were present at the time the offence is charged to have been committed, for the purpose of explaining the testimony of the witnesses for the United States; and the witnesses for the prosecution may be cross-examined.

[Cited in Re Ezta, 62 Fed. 986; Re Dana, 68 Fed. 892, 896.]

2. Witnesses for the defendant are never sent to the grand jury, but by the consent of the prosecution.

[Cited in U. S. v. Terry, 39 Fed. 362.]

The defendant was bound to appear at this court on a recognizance taken before a judge of the state of Pennsylvania, to answer a charge of preparing and setting on foot an expedition against the territories of Spain. The witnesses for the United States not being present, Mr. Dallas, District Attorney, moved to bind the defendant over to appear at the next court to answer the charge. He read some affidavits to prove that the defendant had applied to some persons at two different times, to engage in the expedition under Colonel Burr, and that he gave them papers, bearing the resemblance of, and which the witness believed to be, bank notes.

Mr. M'Kean, for defendant, offered to read affidavits, and also to cross-examine one of the witnesses, who had deposed in favour of the United States, to prove that the proposal alluded to was made and understood to be in jest.

Mr. Dallas opposed any examination of testimony for the defendant in this stage of the proceedings, as being unusual and improper.

THE COURT said, that generally speaking, the defendant's witnesses are not examined upon an application to bind him over to answer upon a criminal charge. The defendant's witnesses are never sent to the grand jury, except where the attorney for the prosecution consents thereto. But in this incipient stage of the prosecution, the judge may examine witnesses who were present at the time when the offence is said to have been committed, to explain what is said by the witnesses for the prosecution; but the cross-examination of the witnesses for the prosecution, is certainly improper. The affidavits were accordingly read, but they did not sufficiently do away with the probable cause established by the affidavits for the prosecution, and therefore the defendant was ordered to give bail in 4,000 dollars, and two sureties in 2,000 dollars each.