*In re* Extradition of WADGE *alias* ARCHER.[*]

(*Circuit Court, S. D. New York.* April 11, 1883.)

1. EXTRADITION ACT OF 1882—AUTHENTICATION OF DOCUMENT

In extradition proceedings under section 5 of the act of August 3, 1882, the certificate is not the exclusive source of authentication, but may be assisted by other evidence, and it need not appear that the depositions or documentary evidence would be competent evidence upon the trial of the accused in the foreign tribunal, if sufficient to authorize his arrest.

[*]Affirming S. C. 15 FED. REP. 864.

**2.** SAME—DECISION OF COMMISSIONER—REVIEW.

Where the depositions and proofs present a sufficient case to the commissioner for the exercise of his judicial discretion, his judgment will not be reviewed.

**3.** SAME—REFUSAL TO GRANT ADJOURNMENT:

A refusal to grant an adjournment to enable the accused to procure depositions from England to show an *alibi*, was, in this case, a legitimate exercise of discretion.

*Habeas Corpus.*

*F. F. Marbury,* for the British government.

*L. F. Post* and *E. T. Wood,* for accused.

WALLACE, J. Section 5 of the act of congress of August 3, 1882, regulating the practice in extradition cases, substitutes the provisions of the act of June 22, 1860, so far as they relate to the reception upon the hearing of depositions, warrants, and other papers, in place of those contained in the act of June 22, 1860. The meaning of the act of June 22, 1860, has been judicially declared, and the decisions of this court are controlling in determining whether the depositions, warrants, and other papers introduced upon the hearing before the commission were so authenticated as to render them competent evidence.

It was determined in *Re Henrich,* 5 Blatchf. 414, that any deposition or other documentary evidence or copies of them are competent which are so authenticated as to show that the tribunals of the country where the offense was committed would receive them in support of the same criminal charge. It was announced in that case that the documentary evidence should be accompanied by a certificate of the principal diplomate or consular officer of the United States residing in the foreign country from which the fugitive shall have escaped, stating clearly that it is properly and legally authenticated, so as to entitle it to be received in evidence in support of the same criminal charge by the tribunals of such foreign country. The certificate did not state this explicitly, and was precisely such a certificate as that of Mr. Lowell in the present case; but it was deemed sufficient in connection with the certificates of the Prussian officials declaring the deposition to be valid evidence touching the charge of criminality. Evidently, therefore, the certificate is not the exclusive source of authentication, but may be assisted by other evidence.

In *Re Farez,* 7 Blatchf. 345, the same statute was under consideration, and it was held that the documentary evidence would be receivable if it appeared that it would be receivable in the foreign tribunal as sufficient to warrant the arrest and committal for trial of

the accused. In that case the certificate of the minister resident was in the same language as is the certificate of Mr. Russell here; and it was deemed sufficient because assisted by the certificate of the chancellor of the Swiss confederation. This case is authority not only to the effect that other proof may be resorted to to assist the certificate, but also that it need not appear that the depositions or documentary evidence would be competent evidence upon the trial of the accused in the foreign tribunal if sufficient to authorize his arrest.

In the present case the authentication of the depositions by the certificate of the resident minister is supplemented by oral proof that the originals would be competent and sufficient to authorize the arrest and committal of the accused by the tribunals of England. In *Re Fowler,* 18 Blatchf. 430, [S. C. 4 FED. REP. 303,] it was held that the authentication might be made by oral proof, and that while the certificate of the resident minister would be absolute proof, if in proper form, oral proof would also serve to authenticate the documents or depositions. Although that case arose under the act of June 19, 1876, it is in point here, because the mode of authentication under that act and the present act is the same, the only difference being in the purport of the authentication. The oral proof here supplies the defects in the certificate, and the documentary evidence, copies of which were used, shows that a warrant for the arrest of the accused was actually issued upon the depositions by a magistrate of the city of London. The depositions and proofs presented a sufficient case to the commissioner for the exercise of his judicial discretion, and his judgment cannot be reviewed upon this proceeding. He is made the judge of the weight and effect of the evidence, and this court cannot review his action when there was sufficient competent evidence before him to authorize him to decide the merits of the case. His refusal to grant an adjournment to enable the accused to procure depositions from England to show an *alibi,* was under the circumstances a legitimate exercise of discretion.

The order of the district judge dismissing the writ and remanding the prisoner is affirmed.