### *In re* BEHRENDT.

(*Circuit Court*, S. D. New York. December 29, 1884.)

1. EXTRADITION—AUTHENTICATION OF DOCUMENTS—REV. ST. § 5271—ACT OF AUGUST 3, 1882.

Section 5 of the act of August 3, 1882, restores in substance the provisions of the act of June 22, 1860, as respects the mode of authentication of documentary evidence in extradition proceedings, and supersedes also the provisions on that subject of section 5271 of the Revised Statutes.

2. SAME—FORGERY—AFFIDAVITS.

Where the evidence of criminality consisted of affidavits, appearing to be taken in a criminal court upon a charge of forgery, authenticated by the royal judge of Prussia to be valid evidence according to the laws existing in Prussia, *held*, equivalent to a statement that such documents were valid evidence there of the crime of forgery charged.

3. SAME—CERTIFICATE OF DIPLOMATIC OFFICER.

The certificate of the principal diplomatic officer of the United States, in the language of the statute, *held* also sufficient.

Extradition and *Certiorari*.

*A. L. Sanger*, for petitioner.

*Edward Salomon*, for the Prussian government.

BROWN, J. The petitioner, Behrendt, having been held by the United States commissioner for extradition to Prussia, on a charge of forgery, under the treaty of June 16, 1852, has been brought before me upon *habeas corpus*, together with a record of the proceedings under a writ of *certiorari*. The discharge of the prisoner is sought upon two grounds: that the evidence of forgery is insufficient to hold him; and that the documentary proof received by the commissioner is not properly authenticated. The evidence of criminality is drawn wholly from the documentary proofs, consisting of depositions taken in Prussia. These depositions purport to be taken in penal or criminal proceedings against the petitioner there; and in some of the papers it is expressly stated that they are taken in a criminal court, and on the charge of forgery. These proceedings are certified by the royal Prussian judge of the court at Marienburg, who certifies that "this judicial proceeding, with respect to its form, is valid evidence, according to the laws existing in Prussia." The signatures are certified, as required by the act of August 3, 1882, § 5, and the whole is finally authenticated by the United States minister at Berlin, who certifies that the signatures are genuine; that the documents are entitled to full faith and credit; and that the said "documents, which are in-

tended to be offered in evidence upon the hearing within the United States of an application for the extradition of Joseph Moses Behrendt under title 66 of the Revised Statutes of the said United States, and for all the purposes of such hearing, are properly and legally authenticated, so as to entitle them to be received for similar purposes by the tribunals of Prussia."

Section 5 of the act of August 3, 1882, restores in substance the provisions of the act of June 22, 1860, (12 St. at Large, 84,) as respects the mode of authentication, and supersedes the provisions on that subject of section 5271 of the Revised Statutes, as well as those of the act of June 19, 1876, (19 St. at Large, 59.)   The certificate of the royal judge that the judicial proceeding certified to "is valid evidence according to the laws existing in Prussia," reasonably interpreted, can mean nothing less than that, according to the law of Prussia, such documents are valid evidence of criminality as regards the crime charged in the proceedings specified in the court where the proceeding purports to be had.   This is all the evidence that is required under the first branch of the statute; since the proceeding appears upon its face to be a criminal one, and in a criminal court, upon a charge of forgery.

The final authentication by the United States minister is in the exact language of the statute.   Whatever ambiguity there may be in the statutes, from the use of the words "similar purposes," there is no greater ambiguity in the certificate itself; and, as it exactly conforms to the statute, it must be held to mean whatever the statute means, and cannot, therefore, be held defective.   *In re Farez*, 7 Blatchf. 345, 353; *In re Wadge*, 15 FED. REP. 864; 16 FED. REP. 332.

In the *Case of George Fowler*, 18 Blatchf. 430, S. C. 4 FED. REP. 303, BLATCHFORD, J., says, in reference to the final certificate of the principal diplomatic officer of the United States: "Such certificate, if in proper form, is absolute proof, whatever may be the tenor of the certificates of foreign officials to the same documents."   Page 437. By this rule, even if the previous authentication were defective, the final certificate of the United States minister would supply the defects; but for the reasons above stated there are no substantial defects in the certificates of the Prussian authorities.   The documentary evidence, therefore, being competent evidence, the decision of the commissioner upon the weight of proof would not be interfered with on *habeas corpus*, unless there be clear insufficiency in the evidence to afford a *prima facie* case against the petitioner.   The evidence in this case, though circumstantial, bears so strongly against him that I am not authorized to interfere with the commissioner's conclusion in this respect.   The application for the release of the prisoner must therefore be denied, and the prisoner remanded to the custody of the marshal.