## In re KROJANKER et al.

### (Circuit Court, S. D. New York. November 11, 1890.)

EXTRADITION—FOREIGN DEPOSITIONS—AUTHENTICATION—CERTIFICATE.

> Act Cong. Aug. 3, 1882, § 5, provides that depositions taken in a foreign country to be used in extradition proceedings "shall be properly and legally authenticated, so as to entitle them to be received for similar purposes by the tribunal of the foreign country from which the accused party shall have escaped," and that the certificate of the principal diplomatic or consular officer of the United States in such foreign country shall be proof that they are so authenticated. *Held,* that such certificate is sufficient where it follows the words of the statute.

*Habeas Corpus* in Extradition Proceedings.

Act Cong. Aug. 3, 1882, § 5, provides that "in all cases where any depositions, warrants, or other papers, or copies thereof, shall be offered in evidence upon the hearing of any extradition case, under title 66, Rev. St., such depositions," etc., "shall be received and admitted as evidence on such hearing, if they shall be properly and legally authenticated, so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped; and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that any depositions so offered are authenticated in the manner required by the act."

The copies of the depositions of witnesses taken in Germany were certified by the judge of investigation, attached to the German court, as being copies, and, as such, valid "pieces of evidence," under the legal provisions prevailing in Prussia, in which state of the German empire the crimes were committed. The signature of the judge of investigation was certified by the president of the court, and the latter's signature by the minister of justice. Then followed the certificate of the foreign office, consisting of the one word "Certified." The final certificate was that of Mr. Phelps, envoy extraordinary and minister plenipotentiary of the United States at Berlin, in the words following:

"LEGATION OF THE UNITED STATES OF AMERICA AT BERLIN.

"I, William Walter Phelps, envoy extraordinary and minister plenipotentiary of the United States of America at Berlin, being the principal diplomatic officer of the United States of America resident in Prussia, do hereby certify that Hellwig is, and was at the date of his certificate to the foregoing document, a director in the imperial foreign office, and a privy councilor of lega-

tion, and to said documents, by him so certified, full faith and credit ought to be given, and that the signature of the said Hellwig is genuine; and I further certify that the foregoing documents, which are intended to be offered in evidence upon the hearing within the United States of an application for the extradition of Julius and Simon Krojanker, under title sixty-six of the Revised Statutes of the said United States, and for all the purposes of such hearing, are properly and legally authenticated, so as to entitle them to be received for similar purposes by the tribunals of Prussia.

"In testimony whereof I have hereunto set my hand and seal of office at Berlin, Germany, this 4th day of August, A. D. 1890.

"WM. WALTER PHELPS."

Hellwig, whose signature was certified by Mr. Phelps, is the officer who signed the certificate of the foreign office.

*A. J. Dittenhoefer,* in support.

*Adolph Dulon,* in opposition.

LACOMBE, Circuit Judge. The objections to the form of certificate seem to be sufficiently answered in the opinion of this court in *Re Behrendt,* 23 Blatchf. 40, 22 Fed. Rep. 699. The case against Simon seems reasonably clear. As against Julius, it is very weak, and it may be doubtful whether the evidence submitted fairly warrants the conclusion arrived at by the commissioner. The question, however, is one not as to the competency of the evidence, but as to its weight, and his decision thereon is not reviewable. *In re Oteiza y Cortes,* 136 U. S. 330, 10 Sup. Ct. Rep. 1031. Let the writs be discharged.