## Joseph Robert DESAUTELS, Petitioner,

v.

## UNITED STATES of America, Respondent.

No. 2:91–CV–370.

United States District Court, D. Vermont.

Dec. 16, 1991.

Paul S. Volk, Blodgett, Watts & Volk, Burlington, Vt., for petitioner.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, Vt., for respondent.

## OPINION AND ORDER

PARKER, Chief Judge.

Joseph Desautels files this petition for a writ of habeas corpus to challenge his detention pursuant to the Certification of Extraditability and Order on Extradition signed by Magistrate Judge Jerome J. Niedermeier on November 20, 1991. *In the Matter of the Extradition of William Greer, et al.*, Misc. No. 91–90, 1991 WL 311924 (D.Vt.). The extradition proceedings followed a request by the government of Canada for the extradition of Desautels and nine other individuals [1] in order to try

---

**1.** The other individuals are William Greer, Stephen Hutchins, Claire Cunningham, William Carr, James Mayo, Gary Peryea, Eugene Beaudry, Glenn Koski and George Wright. George

Wright remains a fugitive. The extradition requests as to all individuals were considered jointly by Judge Niedermeier and his certification and order apply to all.

them for violations of Canadian narcotics laws.

The factual and procedural background to this case and the applicable law are set forth in an Opinion and Order issued on this date in *Peryea v. United States*, 782 F.Supp. 937 (D.Vt.), familiarity with which is assumed. Like Peryea, petitioner was arrested in Vermont on July 30, 1991 at Canada's request. He is charged by information in Canada with the same offenses charged against Peryea.

In his application to this court for a writ of habeas corpus, petitioner raises several challenges to the proceedings to date. He contends that (1) the evidence before the magistrate was not competent or admissible pursuant to the Treaty and applicable statutes; (2) the offense of trafficking in narcotics, with which petitioner is charged in Canada, is not a crime under U.S. law, and furthermore was insufficiently defined in the materials submitted at the extradition hearing to pass muster under U.S. constitutional standards; (3) Count 3 of the Canadian Information and Warrant for Arrest, dated August 19, 1991, fails to specify the month during which the alleged conspiracy ended; and (4) the evidence at the hearing was not sufficiently reliable to establish that Desautels is the person whose extradition is sought by Canada. To supplement these arguments, petitioner incorporates his Post–Hearing Memorandum on Extradition which was submitted to the magistrate on October 21, 1991. Petitioner also adopts and incorporates the arguments made by the other extraditees in this matter who have sought to obtain release upon writs of habeas corpus.

Petitioner's first claim challenges the admissibility of the evidence before the magistrate. Specifically at issue, as made clear in the Post–Hearing Memorandum, are the affidavits of the Quebec police officers, the statements of Gary Peryea, Glenn Koski and Michael Johnson taken by the officers, and an affidavit of a U.S. Customs Special Agent, all of which were admitted at the extradition hearing (Exhibits 4–11), without having been authenticated in accordance with Article 10(2) of the Treaty. Petitioner argues that these documents were admitted in contravention of the Treaty and should not have been relied upon by the magistrate. This argument is addressed and rejected in the court's Opinion and Order in *Peryea v. United States*, 782 F.Supp. 937, issued herewith.

■ The argument that the introduction of these documents violated applicable statutory law fails for similar reasons. 18 U.S.C. § 3190 provides that papers offered in evidence at an extradition hearing

shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

The statute requires that the extradition magistrate admit into evidence documents authenticated and certified in the manner specified; it does not preclude the introduction of evidence authenticated in a different manner, such as through the testimony of appropriate witnesses, as occurred in this case.

■ Petitioner's second claim is addressed in part in the *Peryea* decision. There we note that, although the word "trafficking" does not appear in the crimes defined in Title 21 of the United States Code, 21 U.S.C. § 841(a) makes it unlawful to "distribute" a controlled substance. The same conduct is unlawful (and punishable by a term of imprisonment exceeding one year) in the two countries; the Treaty accordingly applies to that offense. The court also rejects the further contention that the offense of trafficking was insufficiently defined in the materials before the magistrate. While the Canadian statutory provisions submitted with the extradition request, see Affidavit of Randall Richmond, do not contain a definition of the word "trafficking," the word has a com-

mon meaning such that "ordinary people can understand what conduct is prohibited" and it is therefore not void for vagueness under the United States Constitution. See *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

■ Petitioner next argues that his confinement is illegal because of a defect in the August 19, 1991 Information and Warrant for Arrest. Count 3 of that document states that Joseph Desautels conspired with others to traffic in narcotics "[b]etween February [sic] 5th 1990 and 24th 1991...." The month that the conspiracy ended is evidently missing. However, each of the four other counts listed in the document refers to conduct that terminated on *July* 24, 1991. Although this claim is probably not cognizable in this proceeding, see *Ahmad v. Wigen,* 910 F.2d 1063, 1064 (2d Cir.1990), it is clear in any event that the omission of the word "July" from Count 3 is a merely technical defect that could not have caused prejudice to petitioner. See *United States v. Zavala,* 839 F.2d 523, 526 (9th Cir.), *cert. denied,* 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988).

■ Petitioner's fourth contention challenges the reliability and sufficiency of the evidence that he is the person in fact sought in the extradition papers. This claim is developed at length in the Post–Hearing Memorandum. Petitioner refers to the Affidavit of Quebec police officer Rejean Martin, wherein the affiant reports that Michael Johnson, arrested in Canada on July 27, 1991, made a statement in which he described "Joe as being 40 years old, 6' tall, 225 lbs, brown hair," see Martin Affidavit ¶ 36(HH)—a description of an individual who, as averred in petitioner's

memorandum, "cannot possibly be Defendant Desautels." Whatever the merits to this assertion, other evidence before the magistrate establishes probable cause to believe that petitioner is the individual sought and that he is guilty of the crimes charged in Canada. Indeed, the same affidavit also states that Michael Johnson "positively identified" a photograph of Desautels as a person "involved with him in the importation of hashish into Canada." ¶¶ 50–51.[2]

While conceding that hearsay evidence may be admissible in an extradition proceeding, petitioner further objects to the multiple hearsay character of the Johnson, Peryea and Koski statements in the Martin Affidavit, arguing that they "are simply too far removed from the declarant(s) to be considered reliable by this Court." Those statements, however, were also admitted independently of the Martin Affidavit, by the officers who took the statements. This court agrees with Judge Niedermeier's determination that the evidence as a whole demonstrates probable cause. None of the remainder of petitioner's arguments on this point—that the government did not produce customs documents showing that Desautels crossed the international border at relevant times, that the affidavits of the Quebec police officers were not prepared in the affiant' mother tongue, that the written statements of Johnson, Koski and Peryea were not actually prepared by those individuals as is evident from misspellings and syntax indicating that the statements were taken by native French speakers, and that Johnson's statement contains an inconsistency relating to Desautels' activities—cast doubt on the critical determination that sufficient evidence exists that would justify

---

**2.** Petitioner suggests the procedures for the photographic identifications may be suspect, and he notes that he had sought unsuccessfully to compel discovery on the matter. If petitioner's suspicions prove accurate, the Canadian prosecutors may be foreclosed under Canadian law from relying upon the photographic identifications at trial (an issue upon which we do not speculate); this possibility does not render improper the introduction of an affidavit disclosing the identifications at the extradition hearing. Indeed, as the Martin Affidavit was authenticated and certified in the manner required by

Article 10(2) of the Extradition Treaty with Canada, its introduction as evidence at the extradition hearing was mandated by the Treaty and by 18 U.S.C. § 3190. " 'The primary source of information for the probable cause determination is the extradition request, and any evidence submitted in it is deemed truthful for purposes of this determination.' " *Ahmad v. Wigen,* 726 F.Supp. 389, 399–400 (E.D.N.Y.1989) (quoting *In re Extradition of Atta,* 706 F.Supp. 1032, 1050–51 (E.D.N.Y.1989)), *aff'd,* 910 F.2d 1063 (2d Cir. 1990).

petitioner's apprehension and commitment for trial had the crime been committed in this country.

Finally, as to petitioner's incorporation of the arguments in the petitions of his co-extraditees, the court is today entering orders dismissing their petitions, having considered and rejected their asserted grounds for issuance of the writ.

28 U.S.C. § 2243 provides for a hearing on an application for a writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled [to the writ]." It is the view of this court that petitioner's application raises no issue that would entitle him to the writ. The petition is accordingly DENIED.

This court's stay of the magistrate's order, entered on November 25, 1991, is hereby VACATED.