**In the Matter of the Extradition of Fernando Burgos ROJAS.**

**No. 2012–01019–RBC.**

United States District Court, D. Massachusetts.

May 1, 2012.

Donald L. Cabell, United States Attorney's Office, Boston, MA, for Plaintiff.

William W. Fick, Federal Public Defender Office, Boston, MA, for Defendant.

### *MEMORANDUM AND ORDER*

COLLINGS, United States Magistrate Judge.

The issue in this matter is whether, in an extradition proceeding, the United States may introduce evidence by proffer in the absence of an objection by counsel for the defendant. The Extradition Hearing was held on March 19, 2012, and on March 23, 2012, the Court issued the following order:

ELECTRONIC PROCEDURAL ORDER entered re: IN THE MATTER OF THE EXTRADITION OF FERNANDO ANTONIO BURGOS ROJAS. At the Extradition Hearing on March 19, 2012, both the AUSA and the AFD 'proffered' two exhibits each and neither

objected to the other's 'proffers.' While 'proffers' are explicitly allowed for defendants in detention hearings by statute, see 18 U.S.C. Section 3142(f), and for the government in such hearings by local practice, there is a statutory requirement in extradition proceedings that all evidence be authenticated. *See* 18 U.S.C. Sec. 3190. As one Court has recently noted, '... hearsay evidence is admissible [at extradition proceedings], as are unsigned translations of a witness's statements and unsworn statements of absent witnesses, provided the evidence is properly authenticated ...'. *In Re Extradition of Santos,* 795 F.Supp.2d 966, 970–1 (C.D.Cal., 2011) *citing Collins v. Loisel,* 259 U.S. 309, 317 [42 S.Ct. 469, 66 L.Ed. 956] (1922)(emphasis supplied; other citations omitted). None of the four exhibits which were 'proferred' were authenticated, and thus, at this point the Court cannot consider them. The Court shall permit counsel to submit the documents to the Court in a form in which they are properly authenticated provided that they do so on or before the close of business on March 30, 2012.

After the Court granted two enlargements of time, the United States filed Government's Response to Court's Order entered March 23, 2012. (# 23) [1] In the response, the Assistant U.S. Attorney (AUSA) took the rather odd position that documents do not have to be authenticated and cited cases which he asserted support the position.

Since the documents proffered by the AFD do not relate in any way to the issues which the Court must decide, the Court declines to opine as to whether the AFD is correct in his conclusion that documents offered by the defense at an extradition hearing do not have to be authenticated.

---

1. The Court agrees with the AUSA that one of the exhibits, i.e., the photograph of Mr. Burgos has been properly authenticated by the subsequent filing of the original certified documents from the Dominican Republic which were submitted to the Court after the March 19th hearing.

Manifestly, the AUSA is wrong, his reasoning is flawed, and none of the cases he cites support his proposition.

The AUSA cited the case of *Desmond v. Eggers*, 18 F.2d 503 (9 Cir., 1927)[2] for the proposition that the Court "... may still admit unauthenticated or uncertified evidence at an extradition hearing if there is a strong basis to conclude that the evidence is what it purports to be." # 23 at p. 5. Yet incredibly, the quotation from the *Desmond* opinion which the AUSA sets forth in parentheses after the citation[3] reads as follows: ("rejecting argument that it was improper to admit arguably uncertified evidence at extradition hearing where there was 'competent testimony tending to show that the papers and documents in question were in fact *so authenticated* as to entitle them to be received as evidence'." (Emphasis supplied)) How this case in which the Court found that the papers and documents were authenticated can stand for the proposition that the AUSA can proffer unauthenticated exhibits at an extradition hearing is beyond comprehension.

A close reading of the *Desmond* case reveals that the documents received from the foreign country (in this case, Canada) were submitted under a certificate of the American consul in Victoria "... that the affidavits and documents in question were properly and legally authenticated, so as to entitle them to be received in evidence for similar purposes by the tribunals of Canada as required by the" applicable U.S. statute. *Desmond*, 18 F.2d at 504. The dispute was over whether the particular

consul had the authority to make the certification, and the Court stated that it was "inclined to agree" with the view that the consul had such authority. *Desmond*, 18 F.2d at 505. But the Court noted at the extradition hearing itself, the Government "... offered competent testimony tending to show that the papers and documents in question were in fact so authenticated...." *Id.* This latter quotation, upon which the AUSA relies in this case, simply stands for the proposition that *testimony* (presumably under oath) is admissible to authenticate documents at an extradition. It in no way stands for the proposition that documents can be proffered by the Government at an extradition hearing without supporting evidence authenticating the documents.

The next case cited by the AUSA is *Desautels v. United States*, 782 F.Supp. 942, 943 (D.Vt., 1991), *aff'd*, 970 F.2d 896 (2 Cir., 1992)(Table),[4] which he follows in parentheses the following: "holding that § 3190 'does not preclude the introduction of evidence authenticated in a different manner' and endorsing admission of substance of unauthenticated affidavits of Canadian police officers through witness testimony'." # 23 at p. 5. As with *Desmond*, the *Desautels* case does not to any extent stand for the proposition that the Government can "proffer" unauthenticated documents at an extradition hearing.

The *Desautels* case also involved an extradition to Canada, and the facts were that the defendant claimed that certain affidavits and statements were introduced at the extradition hearing in violation of 18

**2.** As any reasonably competent attorney should know, a citation should contain the specific page within the opinion cited where the proposition for which the case is cited is set forth. No page citation was furnished for the *Desmond* case.

**3.** Again, no specific page reference is given.

**4.** Another example of the AUSA's lack of care in composing his response is that he failed to note the Second Circuit's affirmance which is easily ascertained by using Shephard's Check-Cite.

U.S.C. § 3190. The Court held that § 3190

> ... requires that the extradition magistrate admit into evidence documents authenticated and certified in the manner specified [by the statute]; it does not preclude the introduction of evidence *authenticated in a different manner*, such as through the testimony of appropriate witnesses, as occurred in this case.

*Desautels*, 782 F.Supp. at 943 (emphasis supplied). It is pure folly to assert that this case stands for the proposition that the AUSA at an extradition hearing can "proffer" documents that are unauthenticated.

Lastly, the AUSA quotes from the case of *Artukovic v. Rison*, 628 F.Supp. 1370, 1376 (C.D.Cal., 1986), *overruled on other grounds, Lopez–Smith v. Hood*, 121 F.3d 1322 (9 Cir., 1997),[5] as follows: " 'While § 3190 makes evidence certified as admissible in the tribunals of the requesting country admissible in our courts, it not true that the Government may introduce evidence *only* by way of such certification.' " (Emphasis in original). # 28 at p. 6. This proposition is not contested; it accurately states the law. But again the holding does not sanction the "proffer" of unauthenticated documents by the Government at an extradition hearing, which is presumably why the AUSA cited it in his memorandum.

The bottom line is that the Court restates the holding set forth in its Electronic Order of March 23, 2012, *viz.*, that documents which are "proffered" by the Government at an extradition treaty are inadmissible unless they are authenticated. The documents which the Government "proffered" which ostensibly were on Burgos Rojas' person when he was arrested by the Deputy U.S. Marshals in Massachusetts have not been authenticated and consequently are inadmissible.

In these circumstances, the AUSA has three choices: (1) he can submit an affidavit from the Deputy U.S. Marshal who arrested Burgos Rojas and can authenticate the documents as in fact having been found on Burgos Rojas' person; (2) he can seek to reopen the extradition hearing and call the Deputy U.S. Marshal to testify to the authenticity of the documents; or (3) he can file a stipulation signed by himself and the AFD that the documents are authentic. If he chooses not to take any of these options, the Court will decide the issue without the documents. The AUSA is ORDERED to inform the Court of his intentions by filing a pleading *on or before the close of business on May 8, 2012.*

---

**5.** The AUSA failed to note that the *Artukovic* case was later overruled on other grounds; again, reference to Shephard's CheckCite (which should be standard procedure for any attorney before filing briefs with a court) would have revealed this case history.